United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 18, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51177
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AUDELIO ARZOLA-AMAYA,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:87-CR-162-1
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Audelio Arzola-Amaya, federal prisoner # 38898-080, appeals from the district court's order partially denying him relief pursuant to former FED. R. CRIM. P. 35. Arzola-Amaya moves for appointment of counsel; his motion is denied.

Arzola-Amaya contends that the superseding indictment violated the Ex Post Facto Clause because the criminal conduct alleged in the continuing criminal enterprise (CCE) count of the superseding indictment began before the effective enactment date

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of 21 U.S.C. § 848(b) and that the mandatory life sentence of § 848(b) was erroneous because § 848(b) is a sentence-enhancement provision and that, therefore, the district court erred by considering one of the overt acts alleged in the superseding indictment as a separate offense. He also contends that the district court erred by failing to instruct the jury that it must agree unanimously on three specific predicate offenses to convict him of CCE and by failing to instruct the jury properly regarding the requirement that he derived substantial income from the CCE. He further contends that the district court's failure to arraign him pursuant to a superseding indictment forced him to go to trial without adequate notice of the charges against him.

Arzola-Amaya's contentions regarding the jury instructions and the alleged failure to arraign him pursuant to a superseding indictment are not cognizable under former Rule 35. See United States v. Prestenbach, 230 F.3d 780, 782 (5th Cir. 2000). The Ex Post Facto Clause is not violated by convictions or sentences for offenses that began before a statute's effective date but continue thereafter. See United States v. Olis, 429 F.3d 540, 545 (5th Cir. 2005). The overt acts alleged against Arzola-Amaya occurred between January 1983 and June 1987. Application of § 848(b) did not violate the Ex Post Facto Clause. See id. The Double Jeopardy Clause is not violated by conviction and sentencing for a substantive offense that also serves as a CCE predicate act. Garrett v. United States, 471 U.S. 773, 793

(1985). To the extent that Arzola-Amaya is suggesting that his sentence violated the Double Jeopardy Clause, that contention is unavailing.

AFFIRMED. APPOINTMENT OF COUNSEL DENIED.